**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

**U.S. COURTHOUSE**
**402 EAST STATE STREET, ROOM 4000**
**TRENTON, NJ 08608**

July 3, 2025

**LETTER ORDER**

**Re: TONY PING YEW, *Executor of the Estate of John Y. Wei*, v. ATTORNEY GENERAL OF NEW JERSEY, *et al.*,**
**Civil Action No. 24-9670 (ZNQ) (JTQ)**

Dear Counsel and *Pro Se* Party:

**THIS MATTER** comes before the Court upon (1) a Motion to Dismiss filed by Defendant Penn National Insurance Company ("Penn National"), Inservco Insurance Services, Inc. ("Inservco"), and Margolis Edelstein ("Edelstein")[1] (hereinafter "the Insurance Defendants") (ECF No. 7); (2) a "Cross Motion for Default Judgment" filed by *pro se* Plaintiff Tony Ping Yew, as executor of the estate of John Y. Wei (ECF No. 10); and (3) a Motion to Dismiss filed by the Honorables Thomas W. Sumners, Jr., Katie A. Gummer, Carmen Messano, Mitchel E. Ostrer, Lisa Vignuolo, Dennis V. Nieves, Bina Desai, Lisa Rose, Lisa A. Firko, and the Attorney General of New Jersey (hereinafter, "the State Defendants"). (ECF No. 15.) The Insurance Defendants filed a Moving Brief in support of their Motion to Dismiss ("Moving Br.," ECF No. 7-1) and various exhibits (ECF Nos. 7-3 to 7-27). Plaintiff filed two Opposition Briefs in connection to the Insurance Defendant's Motion ("Opp'n Br. I," ECF No. 9; "Opp'n Br. II," ECF No. 10-2), and the Insurance Defendants filed a Reply Brief ("Reply Br.," ECF No. 11).

In support of their Motion to Dismiss, the State Defendants filed a Moving Brief ("State Def. Moving Br.," ECF No. 15-1), and various exhibits (ECF Nos. 15-2 to 15-17). Plaintiff filed an Opposition Brief ("Opp'n Br. III," ECF No. 16), and the State Defendants filed a Reply Brief ("State Def. Reply Br.," ECF No. 17).

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons set forth below, the Court **GRANTS** the Insurance Defendants' Motion (ECF No. 7), **GRANTS** the State Defendants' Motion (ECF No. 15), and **DENIES** Plaintiff's Motion for

---

[1] Edelstein was counsel for the Insurance Defendants in Plaintiff's state actions but will be referred to as part of the Insurance Defendants herein because he is a party to the Motion to Dismiss.

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

Default Judgment (ECF No. 10).

## I. BACKGROUND AND PROCEDURAL HISTORY

The Complaint is not a model of clarity. The Court interprets the Complaint as arising from policy proceeds Plaintiff sought from the Insurance Defendants as a third-party beneficiary following his godfather's death as a result of medical malpractice. (*See* ECF No. 1-1, at 133.) Plaintiff asserts that "[t]his is a bad faith third party claim where Plaintiff allege[s] he is an intended third party beneficiary." ("Compl.," ECF No. 1, at 4.)[3] He alleges that "[t]he underlying complaint is the medical malpractice claim against insured Robert Wood Johnson University Hospital," and that "[t]he claim here is for remand relief only under Fed R. Civ. P. 60(b). No claim is made here for monetary damages against any Defendant. Remand relief [] is sought here following repeated dismissals in the state courts." (*Id.*)

Factually, as best the Court can discern, Plaintiff alleges that the Insurance Defendants acted in bad faith and engaged in unfair trade practices by denying him proceeds and delaying the process for awarding him those proceeds. (*Id.* at 7.)[4] Moreover, Plaintiff appears to seek review of his state court matters. Specifically, Plaintiff alleges that the state judges who previously addressed his lawsuits regarding this same matter acted in bad faith and failed to address certain arguments. (*Id.* at 8.) (*See also id.* at 15 ("Judge Vignuolo never address[ed] corporate veil raised in her court."); *id.* at 34 ("The second trial court judge . . . and second appellate division judges['] . . . erroneous ruling warrant remand."); *id.* at 54 ("The third trial court . . . and third appellate division['s] . . . rulings warrant remand."); *id.* at 60 ("The Appellate Division['s] failure to review denied recusal is abuse of discretion itself which warrant[s] remand."); *id.* at 67 ("Judge Desai and [the] Appellate Division['s] failure to address the underlying argument against res judicata dismissal and affirmance warrant" relief from judgment under Rule 60).).

Additionally, Plaintiff has repeatedly sought to litigate this matter in state and federal court. He first filed a complaint against Inservco on September 11, 2018 in state court. (*See* Ex. A, ECF No. 7-3.) Plaintiff filed a separate action against Penn National in state court on July 5, 2019. (*See* Ex. I, ECF No. 17-11.) On March 15, 2019, Defendant the Honorable Lisa M. Vignuolo, J.S.C. ("Judge Vignuolo"), granted dismissal of the complaint against Inservco. (*See* Ex. C, ECF No. 7-5.) Judge Vignuolo thereafter denied Plaintiff's motion for reconsideration. (*See* Ex. E, ECF No. 7-7.) On October 11, 2019, the Honorable Dennis V. Nieves, J.S.C. ("Judge Nieves"), granted dismissal of the complaint against Penn National. (*See* Ex. K, ECF No. 7-13.) Plaintiff

---

[3] The Court cites to the internal page numbers of the Complaint given that it lacks numbered paragraphs.

[4] Plaintiff's Complaint is approximately 115 pages and does not contain any causes of action. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules."); *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) ("The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))).

appealed these decisions to the New Jersey Appellate Division and the Supreme Court of New Jersey, which affirmed the superior court and denied certification, respectively. (*See* Ex. G, ECF No. 7-9; Ex. M, ECF No. 7-15; Ex. H, ECF No. 7-10; Ex. N., ECF No. 7-16.) Thereafter, Plaintiff again filed a third-party complaint as executor against Inservco and Penn National. (*See* Ex. O, ECF No. 7-17.) On April 29, 2022, the Honorable Bina K. Desai, J.S.C. ("Judge Desai"), granted dismissal of that complaint. (Ex. Q, ECF No. 7-19.) Plaintiff again appealed that decision to the Supreme Court of New Jersey, which again denied certification. (*See* Ex. S, ECF No. 7-21; *see also* Ex. T, ECF No. 7-22.)

## II. SUBJECT MATTER JURISDICTION

"Federal courts, as courts of limited jurisdiction, have an obligation to establish subject matter jurisdiction, raising it *sua sponte* if necessary." *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction "call[s] into question the very legitimacy of a court's adjudicatory authority." *Council Tree Comm'ns, Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (citation omitted); *see also Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) ("[The court is] required to consider the issue of subject matter jurisdiction, even though neither party contends that it is lacking." (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986))). "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

Plaintiff contends that the claims in his Complaint arise under federal law because "remand relief is available under federal law Fed. R. Civ. P. 60(b)(3) for attorney misconduct and misrepresentation. New Jersey state equivalent R. 4:50-1 is derived from federal law Fed. R. Civ. P. 60(b). There is no lack of subject matter jurisdiction when the federal law Fed. R. Civ. P. 60(b) is available to grant Plaintiff remand relief at the adjudicative stage." (Opp'n Br. I at 7.)

Plaintiff's argument is incorrect as a matter of law. Plaintiff cannot use Rule 60(b) as a basis for subject matter jurisdiction. In most instances, the Court's subject matter jurisdiction is governed by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or 28 U.S.C. § 1332, which requires diversity of citizenship and that the amount in controversy exceeds the sum of $75,000. The Federal Rules of Civil Procedure do not fall within Section 1331 because they are not federal laws or treatises. Instead, they govern the "procedure in all civil actions and proceedings in the United States district courts." *See* Fed. R. Civ. P. 1. Moreover, Plaintiff has provided no legal authority that he can use Rule 60(b) to challenge or seek relief/remand from a state court judgment.

In addition to Plaintiff lacking a basis for subject matter jurisdiction, for the reasons that follow, the Court finds that the Complaint is barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Under the *Rooker-Feldman* doctrine, federal district courts "lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." *FOCUS v. Allegheny County Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (internal quotation marks omitted); *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) ("The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments."). For the *Rooker-Feldman* doctrine to apply, the following must be satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). In other words, the *Rooker-Feldman* doctrine "applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS*, 75 F.3d at 840.

Here, Plaintiff seeks vacatur and remand of his many state court judgments. Plaintiff lost in state court; those judgments came before Plaintiff filed his underlying federal case; he is complaining that those state judgments were made in error in part because the judges failed to consider certain arguments and incorrectly applied the law; and Plaintiff is seeking review of state judgments by asking for a remand under Rule 60. In essence, review by this Court would render the prior state judgments ineffectual. Therefore, reading the Complaint liberally in light of Plaintiff's *pro se* status, the Court finds that *Rooker-Feldman* bars the Complaint and the Court lacks subject matter jurisdiction over the claims in the Complaint.

## III. CONCLUSION

Accordingly, the Court **GRANTS** the Insurance Defendants' Motion to Dismiss (ECF No. 7) and the State Defendants' Motion to Dismiss (ECF No. 15).[5] The Complaint is hereby dismissed without prejudice and without further leave to amend. *Farzan v. J.P. Morgan Chase Bank N.A.*, Civ. No. 19-5156, 2019 WL 6339847, at *3 (D.N.J. Nov. 27, 2019) (dismissing complaint with prejudice where plaintiff would be unable to assert any claims not barred by the

[5] In light of the foregoing, the Court need not consider the Insurance or State Defendants' remaining arguments for dismissal.

*Rooker-Feldman* doctrine), *aff'd*, App. No. 19-3925, 2022 WL 17336211 (3d Cir. Nov. 30, 2022); *Mason v. O'Toole*, Civ. No. 19-1114, 2020 WL 1286382, at *1, n.3 (W.D. Pa. Mar. 18, 2020) ("Dismissal on the basis of *Rooker-Feldman* is recognized as a situation where amendment of a complaint is futile."). In light of the Court's decision, the Court also **DENIES** Plaintiff's Motion for Default Judgment (ECF No. 10) as moot. The Clerk is instructed to mark this matter **CLOSED**.

**IT IS SO ORDERED**.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**