<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **TONY PING YEW**, *Executor of Estate of John Y. Wei*, | |
| Plaintiff, | Civil Action No. 24-9670 (ZNQ) (JTQ) |
| v. | **OPINION** |
| **ATTORNEY GENERAL OF STATE OF NEW JERSEY, *et al.*,** | |
| Defendants. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion for Recusal ("Recusal Mot.," ECF No. 19) and a Motion for Reconsideration ("Recon. Mot.," ECF No. 20) filed by *Pro Se* Plaintiff Tony Ping Yew ("Plaintiff") on July 17, 2025.[1] Defendants Inservco Insurance Services, Inc., Penn National Insurance Company, and Margolis Edelstein (the "Insurance Defendants"), and the Honorables Thomas Sumners Jr., Katie Gummer, Carmen Messano, Michael Ostrer, Lisa Vingnuolo, Dennis Nieves, Bina Desai, Lisa Rose, and Lisa Firko, and the Attorney General of State of New Jersey (the "State Defendants") filed Opposition Briefs. (ECF Nos. 21, 22.) Plaintiff filed a consolidated Reply Brief. (ECF No. 23.)

---

[1] Plaintiff also filed a Letter Motion to Supplement the Record more than two months after he filed his reply. (ECF No. 24.) State Defendants opposed on the basis that the Motion essentially sought to file an unauthorized sur-reply in further support of the Motion for Reconsideration. (ECF No. 25.) The Court agrees with State Defendants. Plaintiff's Motion to Supplement is an unauthorized and much belated sur-reply. Accordingly, the Court will **DENY** the Motion.

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Plaintiff's Motions.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On October 7, 2024, Plaintiff filed a Complaint against Defendants. ("Compl.," ECF No. 1.) Although the Complaint was not a model of clarity, it appeared to arise out of policy proceeds Plaintiff sought from the Insurance Defendants as a third-party beneficiary following his godfather's death as a result of medical malpractice. (*Id.* at 133.) Plaintiff also filed claims against the State Defendants alleging they had previously dismissed his claims in state court. (*Id.* at 8, 54, 60.) This Court dismissed Plaintiff's claims for lack of subject matter jurisdiction because his claims did not arise under federal law. ("Opinion," ECF No. 18 at 3.) The Court alternatively found that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine because Plaintiff was seeking vacatur and remand of his many state court judgments. (*Id.* at 4.) Plaintiff subsequently filed a Motion for Recusal and Reconsideration.

## II.    DISCUSSION

### A.    Motion For Recusal

"In considering a motion for recusal, district courts are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455." *Farzan v. Nationstar Mortg. LLC*, Civ. No. 23-2424, 2023 WL 8437233, at *2 (D.N.J. Dec. 5, 2023). Pursuant to 28 U.S.C. § 144, a judge must recuse himself if a party "files a timely and sufficient affidavit" establishing that the judge "has a personal bias or prejudice" against the party seeking recusal. 28 U.S.C. § 144. When a timely affidavit is filed under section 144, the district court must accept the factual allegations as true. *See United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989). "The court passes solely on the legal sufficiency of the facts, and

2

must recuse itself if they give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* (citation modified).

Under 28 U.S.C. § 455(a), a judge must recuse if "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Generally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Here, Plaintiff has not alleged any facts that would warrant recusal under either statute. In his Motion for Recusal, Plaintiff primarily contends that the Court is biased because it purportedly employed incorrect legal terminology when dismissing his Complaint. (Recusal Mot. at 10–11.) For instance, Plaintiff objects to the Court's reference to him as a "pro se party," asserting that the Court instead should have used the term "unrepresented Plaintiff." (*Id.* at 13.) Plaintiff further argues that the Court failed to address certain of his arguments and that this alleged omission demonstrates bias. (*See, e.g., id.* at 15.)

Even accepting these assertions as true, they are insufficient to establish bias on the part of the undersigned. At most, Plaintiff's contentions reflect his disagreement with the Court's prior rulings and reasoning. Such disagreement does not provide a valid basis for recusal. *See Liteky v. United States*, 510 U.S. at 556 (denying a recusal motion premised on a judge's prior judicial rulings); *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir.

3

2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Accordingly, Plaintiff's Motion for Recusal will be **DENIED**.

### B.    Motion For Reconsideration

The Court will now address Plaintiff's Reconsideration Motion. Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted. *Interfaith Only. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1958)). Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To demonstrate a clear error, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed. *See Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Mere "disagreement with the court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

In his Reconsideration Motion, Plaintiff argues that the Court mischaracterized Plaintiff as a "pro se party," which he warrants is incorrect because he is acting as the Executor of his godfather's estate. (Recon. Mot. at 11–12.) Under the Federal Rules of Civil Procedure, individuals suing as an executor are considered to be the real party in interest. Fed. R. Civ. P. 17(a)(1)(A). Given that Plaintiff is the real party in interest and is not represented by counsel, he is appearing before this court pro se. All that being pro se means is that the party is not represented by counsel. The Court therefore correctly referred to Plaintiff as a pro se party. Moreover, the Court's characterization of Plaintiff as pro se had absolutely no bearing on the Court's prior decision, which was dismissed for lack of subject matter jurisdiction. Given that the Court would not have reached a different outcome, Plaintiff's argument for reconsideration fails. *See Compaction Systems*, 88 F. Supp. 2d at 345.

Next, Plaintiff argues that the Court erred by finding that the Complaint does not contain any causes of action. (Recon. Mot. at 13.) According to Plaintiff, the Complaint alleges that he suffered an injury in the form of emotional and mental distress and litigation expenses. (*Id.*) While it is true that the Complaint alleges various injuries, these allegations are made in the context of demonstrating Article III standing. (Compl. at 105–10.) And whether a Plaintiff has alleged a cause of action is distinct from whether Plaintiff's claim is justiciable in federal court. *See Bond v. United States*, 564 U.S. 211, 219 (2011) (noting that whether a plaintiff states a claim for relief goes to the merits of a case, while justiciability is an entirely separate issue). Moreover, it is well established that damages do not form an independent cause of action. *See Clark v. Imerys Talc Am., Inc.*, Civ. No. 21-11874, 2023 WL 8374813, at *7 (D.N.J. Dec. 1, 2023). Given that Plaintiff has not identified any other causes of action, this argument for reconsideration also fails.

Plaintiff's third argument for reconsideration is that the Court erred in holding that the *Rooker-Feldman* doctrine barred Plaintiff's claims. (Recon. Mot. at 15.) Specifically, Plaintiff argues that the Court misapplied the second and fourth elements of the *Rooker-Feldman* doctrine. (*Id.*) However, these arguments are based on Plaintiff's disagreement with the Court's application of those factors and are therefore not appropriate for a motion for reconsideration. Moreover, even if the Court did misapply those factors, the Court dismissed Plaintiff's claims for lack of subject matter jurisdiction. Accordingly, dismissal of Plaintiff's Complaint was required in any event. *See Compaction Systems*, 88 F. Supp. 2d at 345.

Plaintiff next argues that the Court erred holding that it did not have subject matter jurisdiction over Plaintiff's claims. (Recon. Mot. at 20.) Plaintiff argues that because he adequately alleged Article III standing in the Complaint, the Court had subject matter jurisdiction. (*Id.* at 21.) But whether Plaintiff adequately alleged Article III standing is separate from the question of whether Plaintiff alleged the existence of federal question jurisdiction. As the Court previously explained, Plaintiff's reliance on Rule 60(b) as the basis for federal question jurisdiction fails as a matter of law because the Federal Rules of Civil Procedure are not federal laws or treaties. (Opinion at 3.) Thus, contrary to Plaintiff's assertion otherwise, the Complaint does not allege a valid basis for the Court to exercise federal question jurisdiction.

Plaintiff's final argument is that the Court misinterpreted the *Rooker-Feldman* doctrine in its prior Opinion, and that Plaintiff seeks a remand of this case to the state court. (Recon. Mot. at 27–29.) As an initial matter, it is unclear how this Court could remand the case back to state court when the Complaint was not originally filed there. Plaintiff's argument for remand reflects a fundamental misunderstanding of the distinction between federal and state courts and the principals of federalism that govern their respective jurisdictions. A federal court cannot simply

remand a case that was never removed from state court in the first instance. *See Roe v. The Arc Mercer, Inc.*, Civ. No. 19-19084, 2020 WL 4349902, at *4 (D.N.J. July 29, 2020) ("District[] courts may not transfer a case to state court, and may not remand a case to state court where it was initially filed in federal court.")  To the extent Plaintiff seeks relief from his state court judgments, he should appeal those judgments through the state court system, and if those appeals fail, to the United States Supreme Court.   Regardless, even if Plaintiff's claims were independent of the state court judgments, this Court would still not have federal question jurisdiction, and dismissal of the Complaint would remain warranted.  Accordingly, Plaintiff's Motion for Reconsideration will be **DENIED**.

## III.    CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motions.  An appropriate Order will follow.

Date: February 20, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**